# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4767 | **DATE** | 9/28/2010 |
| **CASE TITLE** | PPO Check vs. Midwestern Regional Medical Center, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for leave to file an amended answer and affirmative defenses [142], [143] denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    After the court's ruling on the parties' cross-motions for summary judgment and defendants' motion for reconsideration, defendants seek leave to file an amended answer to assert three new affirmative defenses: (1) lack of a meeting of the minds, (2) unilateral mistake, and (3) equitable estoppel. They argue that the need to assert these defenses only became clear after the court indicated in its ruling on the motion for reconsideration that PPO Check's understanding of the health services agreement ("HSA") could be plausible.

    After a responsive pleading has been served, a party may amend its pleading with leave of court, and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co., Inc.* v. *QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citing *Foman* v. *Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

    PPO Check contends that the motion should be denied because defendants unduly delayed in seeking leave to amend, PPO Check would suffer undue prejudice if amendment were allowed, and the proposed amendment is futile. With respect to delay, defendants state that they became aware of PPO Check's "radically different" understanding of the HSA when PPO Check filed its motion for summary judgment in April 2008. Defs.' Mot. at 3. The court ruled on the summary judgment motions in March 2009. Defendants then notified the court that they might have additional defenses during a status conference in September 2009. Yet they waited until May 2010 to seek reconsideration of the court's March 2009 Opinion and Order[1] and until August 2010 to seek leave to add these affirmative defenses. Defendants' only explanation for the delay is that they noticed the motion for presentment on a date independently set for a status hearing. The date of a future status hearing should not excuse a party from seeking leave to amend at an earlier date. "Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense." *Venters* v. *City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). Under Rule 15(a), however, "[d]elay on its own is usually not reason enough for a court

| STATEMENT |
|---|

to deny a motion to amend." *Soltys* v. *Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citing *Dubicz* v. *Commonwealth Edison Co.*, 377 F.3d 787, 792–93 (7th Cir. 2004); *Perrian* v. *O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). When made after discovery has closed and motions for summary judgment have been ruled on, as in this case, motions to amend are generally discouraged. *Crest Hill Land Dev., LLC* v. *City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). This is particularly the case where it appears that the motion "represents an apparent attempt to avoid the effect of [the court's] summary judgment [opinion]." *Kleinhans* v. *Lisle Savs. Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987) (internal quotation marks omitted).

     Added to defendants' delay is the fact that their proposed affirmative defenses appear futile. The arguments underlying these proposed defenses recapitulate those made and rejected on summary judgment and in defendants' motion for reconsideration. The court declines to give defendants a third chance at having the HSA interpreted in the manner they advocate. Allowing the first affirmative defense would defeat defendants' prior admissions that a valid, enforceable, and unambiguous contract exists. For the second affirmative defense to succeed, the court would be required to find that the contract is unconscionable as a matter of law. *See Ross* v. *Union Carbide Corp.*, 296 S.W.3d 206, 220 (Tex. App. 2009). The evidence in this case does not support such a finding. The parties are sophisticated entities that entered into what was a mutually beneficial agreement; the result of enforcing the agreement pursuant to PPO Check's interpretation would not be so extreme as to shock the conscience. *See Besteman* v. *Pitcock*, 272 S.W.3d 777, 789 (Tex. App. 2008); *Kendziorski* v. *Saunders*, 191 S.W.3d 395, 406 (Tex. App. 2006) ("The basic test for determining whether a contract is unconscionable is whether, given the parties' general commercial background and the commercial needs of the case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the contract was made."). A defense of equitable estoppel is also futile for, as the court noted in its March 2009 opinion, "defendants did not inform PPO Check about either the $750,000 check or the locked-in discount rate they received pursuant to the August 2005 Amendments. Clearly, PPO Check could not have invoiced the defendant hospitals for a 50% contingent fee based on compensation of which PPO Check was not aware." Opinion and Order at 16. Even if defendants had terminated the HSA prior to August 2005, the parties would likely be in the same place litigating the same issues. Thus, because defendants unduly delayed in seeking leave to amend and their proposed affirmative defenses would be futile, the court denies their motion.

    1. The court denied this motion in June 2010.